May 1, 2007

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Anthony Carlos Antunez )
)
    Petitioner, )
)
v. )
)
Alberto Gonzales, et al., )  Civil Action No. 07-0556 (CKK)
)
    Respondents. )  Judge Colleen Kollar-Kotelly
)
)

RECEIVED

MAY 4 - 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## MOTION FOR RECONSIDERATION ON MEMORANDUM OPINION AND ORDER

**Now Comes,** Anthony Carlos Antunez, Petitioner, pro-se, in want of cousel, (herein after "Petitioner"), and moves this Honorable Court to reconsider it's earlier judgement for dismissal of Petitioner's 2241. And without prejudice, for the following reason:

1.

Upon review this court argues that Petitioner should have pursued this matter in the sentencing court by motion under 2255. See, **Taylor v United States Board of Parole, 194F. 2d 822, 833 (D.C. Cir 1952)** (2255 Motion is the proper vehicle for challenging the constitutionality of the statute under which a defendant is convicted); **Ojo v. Immigration and Naturalization Service, 106 F. 3d 680, 683 (5th Cir. 1997)** (Sentencing is the only court with jurisdiction to hear defendant's complaint regarding errors that occured before or during sentencing). Under the statute:

> An application for a Writ of Habeas Corpus is
> on behalf of a prisoner who is authorized to
> apply for relief by motion pursuant to [2255]

Pg. 1

shall not be entertained if it appears that the applicant has failed to apply for [2255] relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention. Also see, **Blackledge v. Allison, 431 U.S. 63, 74, 97 S.ct. 1621, 52, L. Ed. 2d 136 (1971).**

Subsection 2255, of Title 28 of the United States Code, is inapplicable and without the force or effect of law where it is shown not to have been enacted by congress, into Federal law. The Congressional Record, Vol. 94, Part-8 ( July 28, 1948 to December 31, 1948) pg. 9353, reveal that congress was not assembled in session or the date(s) that Title 3, 5, 18, 21, and 28 are purported to have been enacted into law by congress.

The United States District Court, wherein the cause herein complained of, arose, is shown to be an Executive Tribunal, without Article III judicial authority. This assertion is supported by consulting Supreme Court Rule 45, the Revised Statutes of 1878, The Judiciary Act of March 3, 1911, Executive Order 6166, **Balzac v. Porto Rico, (1922)**, and **Mookine v. United States, (1938)**. Thus, not authorized to entertain the cause not before the court.

The court, in similar matters (Common Law Writ of Habeas Corpus), appears to be resorting to inapplicable statutory pro-

Pg. 2

visions to remove the cause to a court which the courts knows lacks the authority Under Article III to entertain the matter. Thereby the sustainment of an unlawful conviction and term of imprisonment via subterfuge and non-compliance with the law (A Malum in Se Crime?) whereby the accused petitioner is deprived a remedy in law to redresses a grievance.

It is the foregoing, and following reasons that the petitioner has brought his instant cause **Under the Common Law Writ of Habeas Corpus,** and invoked the venue and jurisdiction of an Article III, Constitutional Court.

It is therefore incumbent upon this Court, in the interest of justice, by and through this Judicial Notice, [provided to the Court with original filing of 2241], as a neutral party between both Petitioner and Respondents, upon its own motion to Order this matter to remain in the United States District Court of the District of Columbia, and to issue an Order To Show Cause to the Respondents why a Writ of Habeas Corpus should not issue, in their 'showing' based upon the facts and points raised in the Writ itself.

Dated: May 1, 2007

Respectfully submitted,

*[signature]*

Anthony Carlos Antunez / pro-se
56196-179
Federal Correction Center
P.O. Box 5000
Oakdale, La. 71463

Pg. 3

## CERTIFICATE OF SERVICE AND/OR MAILING

Case Name: Anthony Carllos Antunez v. Alberto Gonzales, et al.
Case Number: 07-0556  Judge Colleen Kollar-Kotelly

I, the undersigned, hereby affirm that on this 1st. day of May, 2007, I deposited in the receptacle for the United States Mail, provided for inmates at this Institution, first class postage prepaid, in a sealed envellope to:

> Solicitor General of The United States
> U.S. Department of Justice
> Constitution Ave. 10th. Street N.W.
> Washington, D.C. 20530-0001

A true and correct copy of the attached documents identified as follows:

**Motion for Reconsideration on Memorandum Opinion and Order**

In accordance with **Houston v. Lack** 487 U.S. 266 (1988) these documents are deemed filed and served as of this date. Pursuant to 28 U.S.C. 1746(2), I declare under penalty of perjury under the llaws of the United States of America that the foregoing is true and correct and this declaration was executed on May 1, 2007 at Oakdale, Louisiana.

Signed,

*/s/ Anthony Carllos Antunez/*

Anthony Carllos Antunez/pro-se
56196-179
Federal Correction Center
P.O. Box 5000
Oakdale, La. 71463