## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| ANTHONY CARLOS ATUNEZ, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 07-0556 (CKK) |
| | ) | |
| ALBERTO GONZALES, *et al.*, | ) | **FILED** |
| | ) | |
| Respondents. | ) | DEC 2 8 2007 |
| | ) | |

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## ORDER

The Court denied the petition for a writ of habeas corpus on the ground that only the federal district court which imposed the sentence is authorized under 28 U.S.C. § 2255 to vacate, set aside or correct that sentence. *Atunez v. Gonzales*, No. 07-0556 (CKK), 2007 WL 1100505, at *1 (D.D.C. Apr. 10, 2007). In this "Motion for Reconsideration on Memorandum Opinion and Order," petitioner asserted that Section 2255 "is inapplicable and without the force or effect of law" because Congress was not in session on certain dates in 1948 when "Title . . . 28 [was] purported to have been enacted into law by [C]ongress." Pet.'s Mot. for Recons. at 2. Petitioner's argument is meritless.

"When a title of the United States Code has been enacted into positive law, the text of the Code constitutes 'legal evidence of the laws.'" *Smith v. United States*, Nos. C06-844-RSL-MJB, CR03-370-RSL, 2007 WL 201089, at *8 (W.D. Wash. Jan. 22, 2007) (citing 1 U.S.C. § 204(a)); *Royer's, Inc. v. United States*, 265 F.2d 615 (3d Cir. 1959) ("The official source to find United States law is the Statutes at Large and the United States Code is

1

only prima facie evidence of such laws."). Even if Congress had failed to enact Title 28 of the

United States Code into positive law, such failure "has only evidentiary significance and does not

render the underlying enactment invalid or unenforceable." *Ryan v. Bilby*, 764 F.2d 1325, 1328

(9th Cir. 1985) (citing 1 U.S.C. § 204(a)).

Title 28 of the United States Code indeed was enacted on June 25, 1948 and became

effective on September 1, 1948. Act of June 25, 1948, c. 646, § 1, 62 Stat. 869 (1948); *see*

*Duggins v. United States*, 240 F.2d 479, 483 (6th Cir. 1957) (noting June 25, 1948 as the date of

enactment of 28 U.S.C. § 2255); *Wong v. Vogel*, 80 F. Supp. 723, 724 (D. Ky. 1948) (noting

September 1, 1948 as the effective date of § 2255). Petitioner is entitled to no relief on the

ground that Title 28 is invalid. *See Smith v. United States*, 2007 WL 201089, at *8 (rejecting as

frivolous petitioner's argument that he committed no federal crime because Title 18 is invalid);

*United States v. Almonte-Nunez*, No. 99-3059, 1999 WL 1215922, at *1 (D.C. Cir. Nov. 12,

1999) (rejecting argument that petitioner's convictions under Title 21 of the United States Code

are invalid because that Title has never been enacted into positive law).

Accordingly, it is hereby

ORDERED that petitioner's "Motion for Reconsideration on Memorandum Opinion and

Order" [Dkt. #4] is DENIED.

SO ORDERED.

_____
COLLEEN KOLLAR-KOTELLY
United States District Judge

Date: 12/28/07

2